**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SCOTT LUCAS and ALLEN LESTER, on behalf of themselves and others similarly situated,** ) ) ) | **CASE NO.** |
| ) | **JUDGE** |
| **Plaintiffs,** ) ) | **CLASS AND COLLECTIVE ACTION** |
| **v.** ) ) | **COMPLAINT** |
| **MPI LABEL SYSTEMS,** ) ) | **JURY DEMAND INCLUDED HEREON** |
| **Defendant.** ) ) | |

Representative Plaintiffs Scott Lucas and Allen Lester ("Representative Plaintiffs"), by and through counsel, for their Class and Collective Complaint against Defendant MPI Label Systems ("Defendant"), states and alleges as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA), Ohio Rev. Code § 4111.01 *et seq*., the Maryland Wage Payment and Collection Law, Md. Labor and Employment Code Ann. §§ 3-501 *et seq*, and the Maryland Wage and Hour Law, Md. Labor and Employment Code Ann. §§ 3-401 *et seq*. (collectively, the "Maryland Wage Laws").

2.      Representative Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and on behalf of the following collective class of employees:

> All former and current hourly, non-exempt production employees employed by Defendant at one of Defendant's facilities who worked 40 or more hours in one or more workweeks within the three years preceding the date of filing of this Complaint to the present. (the "FLSA Collective Class")

1

3.      Representative Plaintiff Scott Lucas also brings this case as a class action pursuant to Fed. R. Civ. P. 23 and the OMFWSA on behalf of himself and on behalf of the following class of employees:

> All former and current hourly, non-exempt production employees employed by Defendant at one of Defendant's Ohio facilities who worked 40 or more hours in one or more workweeks within the two years preceding the date of filing of this Complaint to the present. (the "Ohio Class")

4.      Representative Plaintiff Lester Allen also brings this case as a class action pursuant to Fed. R. Civ. P. 23 and the Maryland Wage Laws on behalf of himself and on behalf of the following class of employees:

> All former and current hourly, non-exempt production employees employed by Defendant at its Maryland facility who worked 40 or more hours in one or more workweeks within the three years preceding the date of filing of this Complaint to the present. (the Maryland Class")

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Representative Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has supplemental jurisdiction over Representative Plaintiffs' claims under Ohio and Maryland law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

7.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this district and division and a substantial part of the events or omissions giving rise to Representative Plaintiffs' claims occurred here.

## PARTIES

8.      Representative Plaintiff Scott Lucas is a resident of Ohio.  Representative Plaintiff Scott Lucas was employed by Defendant at Defendant's Sebring, Ohio facility as an hourly, non-exempt production employee from approximately 1985 to January 2021.

9.      Representative Plaintiff Allen Lester is a resident of Maryland.  Representative Plaintiff Allen Lester was employed by Defendant at Defendant's Baltimore, Maryland facility as an hourly, non-exempt production employee from approximately May 2017 to April 2020.

10.      Defendant is a corporation for profit organized under the laws of the state of Ohio. Defendant's principal place of business is in Sebring, Ohio.  Defendant can be served at its statutory agent at 450 Courtney Rd, Sebring, Ohio 44672.

11.      Defendant is in the business of label manufacturing and operates facilities in Ohio, Maryland, California, Illinois, Connecticut, New York, Texas, North Carolina and Tennessee.

12.      At all relevant times, Defendant employed hourly, non-exempt production employees at its various facilities.

13.      At all times relevant, Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members were "employees" within the meaning of the FLSA, the OMFWSA and the Maryland Wage Laws.

14.      At all times relevant, Defendant was an "employer" within the meaning of the FLSA, the OMFWSA and the Maryland Wage Laws.

15.      At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

16.      At all times relevant, Representative Plaintiffs and the FLSA Collective Class members were employees engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA.

17.     Representative Plaintiffs' written consents to join this action are being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

18.      At all relevant times, Defendant employed Representative Plaintiffs, the FLSA Collective Class Members, the Ohio Class Members and the Maryland Class members as hourly, non-exempt production employees.

19.     At all relevant times, Representative Plaintiffs, the FLSA Collective Class Members, the Ohio Class Members, the Maryland Class members routinely worked 40 or more hours per workweek.

20.     At all relevant times, Defendant had an electronic timekeeping system at its facilities.  This timekeeping system records to the minute the time that Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members clock in and clock out.

21.     At all relevant times, Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members were required to clock in at the beginning of their workday and clock out at the end of their workday.

22.     At all relevant times, Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members were required to report to their work areas at least 10 minutes before the start of their scheduled shifts.

23.     At all relevant times, Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members clocked in at least 10 minutes before the start of their scheduled shifts, reported to their work areas and began working.

24.     Defendant was aware that Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members clocked in prior to their scheduled shift start times and began working.

25.     Despite the fact that Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class Members were clocked in and working, Defendant did not pay them for any time spent working prior to their scheduled shift start time.

26.     Defendant's policy of not paying Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class Members for the time they spent working prior to their scheduled shift start time has resulted in Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class Members not being paid all of their overtime compensation.

27.     Defendant's failure to pay Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members all of their overtime compensation as described above was in violation of the FLSA, the OMFWSA and the Maryland Wage Laws.

28.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA, the OMFWSA and the Maryland Wage Laws.

## COLLECTIVE ACTION ALLEGATIONS

29.     Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

30.     Representative Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated who have similar claims under the FLSA (the "FLSA Collective Class").  The FLSA Collective Class is defined as:

> All former and current hourly, non-exempt production employees employed by Defendant at one of Defendant's facilities who worked 40 or more hours in one or more workweeks within the three years preceding the date of filing of this Complaint to the present.

31.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.   The FLSA Collective Class members are similarly situated to Representative Plaintiffs with regard to their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  Representative Plaintiffs are representative of the FLSA Collective Class members and is acting on behalf of their interests as well as their own in bringing this action.

32.     Conditional certification of this case as a collective action pursuant to 29  U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33.     The persons similarly situated to Representative Plaintiffs are readily identifiable through the payroll records that Defendant have maintained and were required to maintain by law.

### CLASS ACTION ALLEGATIONS
#### (Ohio Class)

34.     Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35.     Representative Plaintiff Scott Lucas also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the OMFWSA (the "Ohio Class").  The Ohio Class is defined as:

> All former and current hourly, non-exempt production employees employed by Defendant at one of Defendant's Ohio facilities who worked 40 or more hours in one or more workweeks within two years preceding the date of filing of this Complaint to the present.

6

36.     The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law.

37.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Representative Plaintiff Scott Lucas and other class members all of their overtime pay?
>
> Whether Defendant kept adequate records of the hours worked by Representative Plaintiff Scott Lucas and the other class members?

38.     Representative Plaintiff Scott Lucas' claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff Scott Lucas' claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories, as the claims of other class members.

39.     Representative Plaintiff Scott Lucas will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff Scott Lucas' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

40.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually

7

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CLASS ACTION ALLEGATIONS
### (Maryland Class)

42.     Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

43.     Representative Plaintiff Lester Allen also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the Maryland Wage Laws (the "Maryland Class").  The Maryland Class is defined as:

> All former and current hourly, non-exempt production employees employed by Defendant at its Maryland facility who worked forty (40) or more hours in one or more workweeks within two years preceding the date of filing of this Complaint to the present.

44.     The Maryland Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Maryland law.

45.     There are questions of law or fact common to the Maryland Class, including but not limited to:

> Whether Defendant failed to pay Representative Plaintiff Lester Allen and other class members all of their overtime pay?

> Whether Defendant kept adequate records of the hours worked by Representative Plaintiff Lester Allen and the other class members?

8

46.     Representative Plaintiff Lester Allen's claims are typical of the claims of other members of the Maryland Class. Representative Plaintiff Lester Allen's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories, as the claims of other class members.

47.     Representative Plaintiff Lester Allen will fairly and adequately protect the interests of the Maryland Class. Representative Plaintiff Lester Allen's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Maryland Class in this case.

48.     The questions of law or fact that are common to the Maryland Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

50.     Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51.     Representative Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b).  Representative Plaintiffs' written consents to becoming a party to this action pursuant to § 216(b) are being filed with the Court.

52.     The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

53.     At all relevant times, Defendant knew that it was required to pay Representative Plaintiffs and the FLSA Collective Class Members overtime compensation.

54.     During their employment, Representative Plaintiffs and the FLSA Collective Class members were employed by Defendant as hourly, non-exempt production employees.

55.     During their employment, Representative Plaintiffs and the FLSA Collective Class members were not paid for all hours worked in excess of 40 in a workweek.

56.     Specifically, at all relevant times, Representative Plaintiffs and the FLSA Collective Class members were required to report to their work areas at least 10 minutes before the start of their scheduled shifts.

57.     At all relevant times, Representative Plaintiffs and the FLSA Collective Class members typically clocked in at least 10 minutes or more before the start of their scheduled shifts, reported to their work areas and began working.

58.     Defendant was aware that Representative Plaintiffs and the FLSA Collective Class members clocked in prior to their scheduled shift start times and began working.

59.     Despite the fact that Representative Plaintiffs and the FLSA Collective Class members were clocked in and working, Defendant did not pay them for any time spent working prior to their scheduled shift start time.

60.     Defendant's policy of not paying Representative Plaintiffs and the FLSA Collective Class members for the time they spent working prior to their scheduled shift start time has resulted in Representative Plaintiffs and the FLSA Collective Class members not being paid all of their overtime compensation in violation of the FLSA.

61.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

62.     As a result of Defendant's violations of the FLSA, Representative Plaintiffs and the FLSA Collective Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

63.     Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

64.     Representative Plaintiff Scott Lucas brings this claim for violation of the OMFWSA on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

65.     The OMFWSA requires that Defendant's non-exempt production employees

receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

66.     At all relevant times, Defendant knew that it was required to pay Representative Plaintiff Scott Lucas and the Ohio Class members overtime compensation.

67.     During their employment, Representative Plaintiff Scott Lucas and the Ohio Class members were employed by Defendant as hourly, non-exempt production employees.

68.     During their employment, Representative Plaintiff Scott Lucas and the Ohio Class members were not paid for all hours worked in excess of 40 in a workweek.

69.     Specifically, at all relevant times, Representative Plaintiff Scott Lucas and the Ohio Class members were required to clock in, report to their work areas at least 10 minutes before the start of their scheduled shifts and start working.

70.     At all relevant times, Representative Plaintiff Scott Lucas and the Ohio Class members clocked in at least 10 minutes before the start of their shifts, reported to their work areas and began working.

71.     Defendant was aware that Representative Plaintiff Scott Lucas and the Ohio Class members clocked in prior to their scheduled shift start times and began working.

72.     Despite the fact that Representative Plaintiff Scott Lucas and the Ohio Class members were clocked in and working, Defendant did not pay them for any time spent working prior to their scheduled shift start time.

73.     Defendant's policy of not paying Representative Plaintiff Scott Lucas and the Ohio Class members for the time they spent working prior to their scheduled shift start time has resulted in Representative Plaintiff Scott Lucas and the Ohio Class members not being paid all of their overtime compensation in violation of the OMFWSA.

74.     As a result of Defendant's violations of the OMFWSA, Representative Plaintiff

Scott Lucas and the Ohio Class members were injured in that they did not receive overtime compensation due to them pursuant to the OMFWSA.

75.     As a result, Representative Plaintiff Scott Lucas and the Ohio Class members are entitled to their unpaid overtime and their attorneys' fees and costs.

<u>**COUNT THREE**</u>
**(Maryland Wage Law Violations)**

76.     Representative Plaintiff incorporate by reference the foregoing allegations as if fully rewritten herein.

77.     Representative Plaintiff Lester Allen brings this claim for violation of the Maryland Wage Laws on behalf of himself and the Maryland Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

78.     The Maryland Wage Law requires that Defendant's non-exempt production employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

79.     At all relevant times, Defendant knew that it was required to pay Representative Plaintiff Lester Allen and the Maryland Class members overtime compensation.

80.     During their employment, Representative Plaintiff Lester Allen and the Maryland Class members were employed by Defendant as hourly, non-exempt production employees.

81.     During their employment, Representative Plaintiff Lester Allen and the Maryland Class members were not paid for all hours worked in excess of 40 in a workweek.

82.     Specifically, at all relevant times, Representative Plaintiff Lester Allen and the Maryland Class members were required to clock in, report to their work areas at least 10 minutes before the start of their scheduled shifts and start working.

83.     At all relevant times, Representative Plaintiff Lester Allen and the Maryland Class

13

members clocked in at least 10 minutes before the start of their scheduled shifts, reported to their work areas and began working.

84.     Defendant was aware that Representative Plaintiff Lester Allen and the Maryland Class members clocked in prior to their scheduled shift start times and began working.

85.     Despite the fact that Representative Plaintiff Lester Allen and the Maryland Class members were clocked in and working, Defendant did not pay them for any time spent working prior to their scheduled shift start time.

86.     Defendant's policy of not paying Representative Plaintiff Lester Allen and the Maryland Class members for the time they spent working prior to their scheduled shift start time has resulted in Representative Plaintiff Lester Allen and the Maryland Class members not being paid all of their overtime compensation in violation of the Maryland Wage Laws.

87.     By engaging in that practice, Defendant willfully violated the Maryland Wage Laws.

88.     As a result of Defendant's violations of the Maryland Wage Laws, Representative Plaintiff Lester Allen and the Maryland Class members were injured in that they did not receive overtime compensation due to them pursuant to the Maryland Wage Laws.

89.     As a result, Representative Plaintiff Lester Allen and the Maryland Class members are entitled to their unpaid overtime, liquidated damages, treble damages and their attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiffs, and all similarly-situated employees, collectively pray that this Honorable Court:

A.       Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.       Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiffs and other members of the Ohio Class and Maryland Class;

C.       Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members;

D.       Award compensatory damages to Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members in the amount of their unpaid wages, as well as liquidated in an equal amount and treble damages;

E.       Award Representative Plaintiffs, the FLSA Collective Class members, the Ohio Class members and the Maryland Class members pre-judgment and post-judgment interest at the statutory rate; and

F.       Award Representative Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email:         sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 East 9th Street, Suite 808
Cleveland, OH 44114
Telephone:     (216) 230-2944
Facsimile:     (330) 754-1430
E-mail:        jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiffs*

## JURY DEMAND

Representative Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff*

16