# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SCOTT LUCAS and LESTER ALLEN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MILLER PRODUCTS, INC. d/b/a MPI LABEL SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 4:21-cv-2355-CEH<br><br>Magistrate Judge Carmen Henderson<br><br>**ORDER** |

This matter is before the Court on the Parties' Joint Motion for Approval of FLSA Collective Action Settlement (the "Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act (the, "FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to (1) approve, as fair and reasonable, the proposed FLSA collective settlement reached by Representative Plaintiffs Scott Lucas and Lester Allen and Defendants Miller Products, Inc. d/b/a MPI Label Systems and MPI Labels of Baltimore, Inc. (collectively, the "Parties") and memorialized in the Joint Stipulation of Collective Action Settlement and Release ("Agreement")[1] attached to the Joint Motion as Exhibit 1 filed under seal and (2) order that the Agreement, which was filed under seal pending this Court's fairness review, once approved remain designated as confidential and under seal.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon M. Draher, and the pleadings and papers on file in this Action, the Court GRANTS IN PART the joint motion as follows: The Court approves the Agreement, the proposed service

---

[1] All capitalized terms not defined in this Joint Motion shall have the meanings ascribed to them in the Agreement.

awards, and the proposed attorneys' fees and litigation expenses to Plaintiffs' Counsel, and orders that the parties file publicly the settlement agreement with the monetary terms redacted.

1. On December 17, 2021, Representative Plaintiffs filed their class and collection action lawsuit (the "Action") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFSWA"), the Maryland Wage Payment and Collection Law, Md. Labor and Employment Code Ann. §§3-501 *et seq*., and the Maryland Wage and Hour Law, Md. Labor and Employment Code Ann. §§ 3-401 *et seq*. ("Maryland Wage Laws"). On March 2, 2022, Representative Plaintiffs filed an Amended Complaint, removing the class action claims under the OMFWSA and the Maryland Wage Laws. In the Action, Representative Plaintiffs allege that they were not paid all of their overtime compensation as a result of Defendants' alleged failure to pay Representative Plaintiffs and other similarly situated employees for work performed before and after their shift start and end times. Defendants vigorously deny that Representative Plaintiffs and other similarly situated employees were performing compensable work before or after their shifts.

2. The Action settled during the Parties full-day settlement conference with Magistrate Judge Darrell A. Clay.

3. The Settlement will cover the individuals listed in Exhibit 1 of the Agreement.

4. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the settlement resulted from arm's-length negotiations between experienced counsel after substantial investigation and a full-day of settlement conference with Magistrate Judge Darrell A. Clay. Plaintiffs' Counsel has informed the Court that they believe the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant

factors, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

5. The Court approves the Agreement and orders that the settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

6. The Court finds that the proposed allocation and calculation of the individual payments to the Plaintiffs are fair and reasonable and approves the proposed distribution of the individual payments, service awards, and attorneys' fees and litigation expenses.

7. The Court grants final approval of the settlement.

8. The Court orders that the complete settlement agreement shall remain under seal but that the parties shall file publicly the settlement agreement with the monetary terms redacted.

The Sixth Circuit has made it clear that there is a " 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). An agreement settling an FLSA claim that is submitted for court approval is a judicial document subject to the presumption of public access. *Pittman v. Matalco (U.S.), Inc.,* No. 4:18CV203, 2018 WL 6567801, at *2 (N.D. Ohio Dec. 13, 2018) (citations omitted). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Grp.*, 825 F.3d at 305. In addition, this burden "is a heavy one: 'Only the most compelling reasons can justify nondisclosure of judicial

4

records.' " *Id*. (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id*. at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *see also United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order")). Therefore, district courts must weigh the parties' interest in keeping information confidential against the public's strong interest in "obtaining the information contained in the court record." *Id*. at 305 (citation and quotation omitted).

The Court has reviewed the pleadings, the settlement agreement, and relevant case law and determines that the parties' complete settlement agreement may remain sealed, but they shall file publicly the settlement agreement with the monetary terms redacted. Overcoming the presumption for open court records is a heavy burden: " 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Here, the parties have provided little to no explanation supporting their request that the settlement agreement remain under seal. (*See* ECF No. 43 at 12-13). The parties merely state "Defendants desire the terms of the Agreement to remain confidential and Plaintiffs do not oppose Defendants' desire." (ECF No. 43 at 12). Accordingly, the parties have not met their burden to overcome the presumption in

5

favor of open court records. *See Polch v. Paul F. Vanek, Jr., M.D., Inc.*, No. 1:20-CV-01436, 2020 WL 6383186, at *2 (N.D. Ohio Oct. 30, 2020) (The parties' desire for an FLSA settlement agreement to remain confidential "is insufficient to justify depriving the public of access to a settlement".) (citing *Altier v. A Silver Lining LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *2 (S.D. Ohio Nov. 15, 2017) ("[T]he parties' 'intention' that the agreement remain confidential is not an extraordinary reason sufficient to overcome the strong presumption of public access to FLSA settlements, and is certainly not sufficient to permit the Court to 'set forth specific findings and conclusions which justify nondisclosure to the public.' ") (citation omitted); *see also Snook v. Valley OB-GYN Clinic, P.C.*, No. 14–cv–12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access.")).

Nonetheless, " 'settlement amounts can be—and often are—sealed[.]' " *Thompson v. Seagle Pizza, Inc.*, No. 3:20-CV-16-DJH-RSE, 2022 WL 1431084, at *14 (W.D. Ky. May 5, 2022) (quoting *In re Black Diamond Mining Co.*, No. 15-cv-96, 2016 WL 4433356, at *2 (E.D. Ky. Aug. 18, 2016)); *see also* Order at 3, *McKnight et al v. Erico International Corporation*, No. 1:21-cv-01826-JPC (NDOH July 22, 2022), ECF No. 37 (allowing the parties to file a settlement agreement with redacted monetary amounts and the unredacted agreement under seal); *Athan v. United States Steel Corp.*, No. 17-CV-14220-TGB-DRG, 2021 WL 805430 (E.D. Mich. Mar. 3, 2021) (settlement would be published on the docket, in full, but with specific dollar amounts of the awards redacted); *Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *4 (E.D. Mich. May 31, 2022); *contra Macknight v. Boulder Healthcare, LLC*, No. 2:20-CV-4508, 2021 WL 391762, at *2 (S.D. Ohio Feb. 4, 2021) ("Privacy interests, such as keeping pay rates or settlement amounts confidential, have not been found to outweigh the public interest in access to FLSA settlement agreements.") (citing *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017); *Fassa*

6

*v. P&E Express Inc.*, No. 2:21-CV-542, 2022 WL 1158596, at *1 (S.D. Ohio Mar. 28, 2022); *Conklin v. 1-800 Flowers.com, Inc.*, No. 2:16-CV-00675, 2020 WL 419430 (S.D. Ohio Jan. 27, 2020) (denying joint motion to redact monetary amounts from FLSA settlement agreement).

Here, the interest of ensuring nonparties' access to the information that will be redacted is significantly less than in *Shane Grp*. *See Shane Grp.*, 825 F.3d at 302. First, the only interested parties are Plaintiffs and the other putative class members who worked at Defendants' facilities — 47 of whom opted into the lawsuit. This is significantly less than the putative class members at issue in *Shane Grp.*, which involved millions of unnamed class members. *See Shane Grp.*, 825 F.3d at 302. Additionally, by redacting only the monetary terms of the Agreement, the restriction is far more limited in scope than the protection sought in *Shane Grp*, where the protection was sought to be applied to pleadings, expert reports, the motion for collective action and response, and the entire settlement agreement. Finally, the parties' proposed settlement involves sensitive financial information that is unique to each Plaintiff and each putative class member, namely the amount of each such individual's share of the proposed settlement. Unlike *Shane Grp.*, the public does not have a strong interest in obtaining the amount of each putative class member's share of the proposed settlement. *See Id*. at 308-309. The public will still able to ascertain the facts and circumstances to evaluate the allegations and defenses of the parties involved in this case and be able to "ascertain[ ] what evidence and records' the Court 'relied upon in reaching [its] decisions' here." *Thompson*, 2022 WL 1431084, at *14 (quoting *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1181)).

In this case, the Court finds that the redacted Agreement, which includes the general description of its terms, provides an understanding of the nature of its benefits to the parties and the complexity and novelty of the underlying issues in the litigation. Accordingly, the public interest purpose inherent in the FLSA is adequately served. Under different circumstances or in future cases, the Court might require the parties to make a full agreement available to the public, but here it is not

7

necessary. Accordingly, within three business days, the parties shall file publicly the settlement agreement with the monetary terms redacted. If the parties fail to file the redacted settlement agreement within three days, the Court will order the Clerk to unseal the agreement filed at ECF No. 44.[2]

9. The Court dismisses this matter with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

10. The Court retains jurisdiction over this Action to enforce the terms of the settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: 9/29/2022             s/Carmen E. Henderson
                            Magistrate Judge Carmen Henderson

---

[2] The parties' Agreement is not contingent on the Confidentiality provision or this Court's ruling on the request for the Agreement to remain sealed. Thus, the Court need not delay its decision on the Joint Motion for Approval of the Joint Settlement nor unsealing of the Agreement in the event that a redacted Agreement is not timely filed.